## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

MANUEL PEGUERO,          )
                               )
       Petitioner,        )
                               )
v.                           )        CIVIL ACTION NO. 5:11-0004
                               )
JOEL ZEIGLER, Warden,   )
FCI Beckley,            )
                               )
       Respondent.      )

### PROPOSED FINDINGS AND RECOMMENDATION

On January 4, 2011, Petitioner, an inmate incarcerated at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document Nos. 1 and 2.) Petitioner alleges that the Federal Bureau of Prisons [BOP] is improperly calculating his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.)

### PROCEDURE AND FACTS

While in State custody, Petitioner was indicted on April 3, 1990, in the Middle District of Pennsylvania for Conspiracy, Possession and Distribution of Cocaine. (Document No. 24-1, p. 2.) On April 12, 1991, Petitioner was sentence in State court to an aggregate term of ten years, with four year mandatory minimum sentence, awarded 671 days of jail credit, and given an "Expiration of

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Book Term" date of April 26, 1997. (Id. and Document No. 24-2, pp. 6 - 7.) On November 16, 1991, Petitioner was borrowed pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum from the State. (Document No. 24-2, pp. 9 - 11.) On April 22, 1992, the United States District Court for the Middle District of Pennsylvania imposed a 274-month term of imprisonment in Criminal Action No. 1:90-0097. (Id., pp. 2 - 4.) The District Court ordered that the Federal sentence run consecutive to Petitioner's State sentence. (Id.) On August 5, 1992, Petitioner was mistakenly designated to FCI McKean, Pennsylvania. (Id., p. 13.) Petitioner arrived at FCI McKean on August 21, 1992. (Id.) Subsequently, FCI McKean staff reviewed Petitioner's record and determined that Petitioner had been mistakenly designated to the federal facility because Petitioner was still serving his State sentence. (Document No. 24-1, p. 3.) On September 10, 1992, Petitioner's status was changed to a sentenced but un-designated inmate, and the United States Marshal Service filed a detainer based upon Petitioner's consecutive Federal sentence. (Id. and Document No. 24-2, pp. 16, 19.) On March 18, 1994, Petitioner was paroled from his State sentence and was released to Federal authorities. (Document No. 24-1, p. 3 and Document No. 24-2, p. 10.) Petitioner arrived at FCI Schuylkill on April 28, 1994. (Document No. 24-2, p. 10.)

On January 4, 2011, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document Nos. 1 and 2.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Document No. 2.) Specifically, Petitioner appears to contend that the BOP is improperly denying him Federal credit. (Id.) Petitioner contends he is entitled to "a total of 19 months of jail credit." (Id.) Petitioner explains that he "was designated to FCI McKean on August 21, 1992" and "was denied detention credit up until March 18, 1994." (Id., p. 2.) As Exhibits, Petitioner attaches the following: (1) A copy of

2

Petitioner's "Inmate Request to Staff" dated March 8, 2010 (Id., pp. 4 - 5.); and (2) A copy of Petitioner's "Petition for Jail Time Credit Pursuant to Title 18 U.S.C. 3585" as filed with the Attorney General's Office on July 4, 2010 (Id., pp. 6 - 7.).

By Order entered on January 9, 2013, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 16.) On February 11, 2013, Respondent filed his Response to the Order to Show Cause. (Document No. 24.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's federal sentence commenced on March 18, 1994" (Id., pp. 3 - 5.); and (2) Petitioner is not entitled to any prior custody credit (Id., pp. 5 - 6.). In support, Respondent attaches the following Exhibits: (1) The Declaration of Kinda Flagg, a Management Analyst (Document No. 24-1.); (2) A copy of Petitioner's Judgment Order as filed in Case No. 1:90-cr-0097 (Document No. 24-2, pp. 2 - 4.); (3) A copy of the U.S. Marshals Service Form 129 (Id., pp. 9 - 11.); (4) A copy of Petitioner's "Inmate History Designation" (Id., p. 13.); (5) A copy of Petitioner's "Inmate History ADM-REL" (Id., pp. 15 - 17.); (6) A copy of the United States Marshal Services Detainer (Id., p. 19.); (7) A copy of SENTRY "Public Information Inmate Data As Of 01-24-2013" (Id., pp. 21 - 23.); and (8) A copy of McCollough v. O'Brien, 2007 WL 2029308 (W.D.Va. July 10, 2007) (Document No. 24-3.).

On February 19, 2013, Petitioner filed his Reply. (Document No. 25.) Petitioner continues to argue that he is entitled to Federal credit beginning on August 5, 1992, when he "was designated

to FCI McKean, PA, mistakenly or in error."[2] (Id.)

## ANALYSIS

**A.     Petitioner's Federal sentence did not commence until March 18, 1994.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). In the instant case, Petitioner was in State custody at the time of his Federal indictment on April 3, 1990. Accordingly, State authorities had primary jurisdiction. Petitioner was then temporarily transferred into Federal custody numerous times, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges and sentenced on April 22, 1992, to a 274-month term of imprisonment. The Middle District of Pennsylvania ordered that Petitioner's Federal sentence run consecutive to Petitioner's State sentence. Although Petitioner was mistakenly designated to FCI McKean on August 5, 1992, the State did not relinquish its primary jurisdiction until March 18, 1994, when Petitioner was paroled. Accordingly, Petitioner's Federal sentence did not commence until March 18, 1994, the day Petitioner was paroled from his State sentence and when Petitioner was awaiting transportation to an official facility to serve his Federal sentence.

---

[2] In his Petition, Petitioner alleged he was designated to FCI McKean on August 21, 1992, instead of August 5, 1992.

4

**B.**     **Petitioner is not entitled to prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

> **(1)** as a result of the offense for which the sentence was imposed; or

> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner is not entitled to receive prior custody credit. Petitioner is seeking Federal credit for time period beginning when he was mistakenly designated to FCI McKean (August 5, 1992) through March 17, 1994 (the day before he was released into Federal custody). Petitioner received credit towards his State sentence for the time period of August 5, 1992 (the date he was mistakenly designated to FCI McKean), through March 17, 1994  (the day before he was released into Federal custody). The BOP may not grant prior custody credit for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence

5

for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for August 5, 1992, through March 17, 1994.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document Nos. 1 and 2.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).

Copies of such objections shall be served on opposing parties, District Judge Berger, and this

Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

Petitioner, who is acting *pro se*.

ENTER: October 1, 2013.

R. Clarke VanDervort
United States Magistrate Judge