IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MANUEL PEGUERO,

          Petitioner,

v.                                      CIVIL ACTION NO.  5:11-cv-00004

JOEL ZIEGLER

          Respondents.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner, Manuel Peguero's *pro se* Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241 for habeas relief[1] (Documents 1 and 2). The Petitioner alleges that the Bureau of Prisons has improperly calculated the term of his imprisonment by failing to award him due credit against his federal sentence. The Petitioner requests that this Court grant him relief in the form of recalculating his remaining jail time to reflect an additional nineteen (19) months of jail credit.

By *Standing Order* (Document 5) entered on January 4, 2011, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636. On October 10, 2013, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 27) wherein it is recommended that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 and

---

[1]     Since Petitioner is proceeding *pro se* his Petition will "be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

remove this matter from the Court's docket. In accordance with the provisions of 28 U.S.C. § 636(b), the Petitioner was allotted fourteen (14) days, plus three (3) mailing days, in which to file any written objection to the proposed findings and recommendation.[2] As a result, objections to Magistrate Judge VanDervort's *Proposed Findings and Recommendation* were due on October 18, 2013. The Petitioner timely filed a Notice of Appeal (Document 28), which the Court has construed as an objection to the PF&R, on October 11, 2013.

After thorough review and consideration of the Complaint, the PF&R and Petitioner's Notice of Appeal, the Court finds that the Magistrate Judge's Proposed Findings and Recommendation should be **ADOPTED**.

### I. RELEVANT FACTS AND FINDINGS OF MAGISTRATE JUDGE

Magistrate Judge VanDervort's PF&R sets forth in great detail Petitioner's previous and current motions. He has given consideration to the parties' arguments and to relevant exhibits in his thorough review of the relevant calculations of the Petitioner's credit for time against his state and federal sentences. The Court incorporates by reference the facts and procedural history contained in the PF&R.

### II. STANDARD OF REVIEW

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

---

[2] *See* Proposed Findings and Recommendation (Document 27 at 6); *see also* 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

### III. DISCUSSION

The Petitioner's October 11, 2013 Notice of Appeal consists of just two sentences:

> Come now, Manuel D. Peguero, the Petitioner/Appellant, who appeals the decision of the United States Magistrate Judge Daven Port (sic), dated October 1, 2013. The Petitioner appeals to the Honorable Judge Irene C. Berger. (Pro Se)

(Document 28.) Clearly, the Petitioner has not "direct[ed] the Court to a specific error in the magistrate's proposed findings and recommendations" and, thus, it appears from even a cursory review of the Petitioner's "objection" that he does not point to any one portion of the magistrate judge's PF&R claiming an error of fact or law, or to any specific finding or recommendation with which he disagrees. Although the Court recognizes that Petitioner's pro se pleading should be given a liberal construction and held to a less stringent standard than that of an attorney, de novo review here would simply defeat the procedural and substantive purposes of referral to a magistrate judge. Therefore, to the extent the Petitioner's October 11, 2013 "Notice of Appeal" can be considered an objection, the Court finds that the same should be **OVERRULED**.

The Court has additionally considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee,

252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. The Court, therefore, **DENIES** a certificate of appealability.

## IV. CONCLUSION

Accordingly, the Court incorporates herein the findings and recommendation of the Magistrate Judge as contained in the Proposed Findings and Recommendation, and **ORDERS** that the Magistrate Judge's Proposed Findings and Recommendation (Document 27) be **ADOPTED**, that the Petitioner's Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241 (Documents 1 and 2) be **DISMISSED** and this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented party.

ENTER: October 30, 2013

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA